FILED

OCT 0 5 2016

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BAGLEY, | CASE NO. 15cv2396-WQH-WVG |
| Plaintiff, | ORDER |
| v. | |
| PAUL TEIRSTEIN; DOES 1 through 100, inclusive, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the motion to remand (ECF No. 18) filed by Plaintiff James Bagley.

**I. Background**

On September 15, 2015, Plaintiff James Bagley initiated this action by filing a Complaint in San Diego County Superior Court, Case Number 37-2015-00031000-CU-PO-NC, alleging claims for personal injury, property damage, and loss of income arising from an airplane crash. (ECF No. 1-2 at 4). The Complaint alleges a negligence cause of action and asserts that Defendant Paul Teirstein was piloting a "tow glider" and caused the "tow plane to be unable to disengage the glider . . . and caus[ed] the [tow plane] to fly straight into the ground." (ECF No. 1-2 at 7). The Complaint alleges

> Defendant Paul Teirstein as pilot in command of a tow glider failed to maintain directional control so as to cause it to turn violently causing the tow plane to be unable to disengage the glider and violently raising the tail of the tow plane causing it to fly straight into the ground. Defendant Paul Teirstein was not competent nor sufficiently current or capable to fly the glider in accordance with Federal Aviation regulations.

1  *Id.*

2       On October 22, 2015, Defendant filed a notice of removal under 28 U.S.C. §

3  1331, based on Plaintiff's allegation that Defendant failed to comply with Federal

4  Aviation Regulations ("FAR").  (ECF No. 1 at 3).  Defendant contends that removal

5  is properly based on "federal question" jurisdiction.  *Id.* at 7.

6       On November 3, 2016, Defendant filed an answer.  (ECF No. 2).

7       On July 18, 2016, Plaintiff filed a motion to remand.  (ECF No. 18).  On August

8  8, 2016, Defendant filed an opposition.  (ECF No. 20).  On August 12, 2016, Plaintiff

9  filed a reply.  (ECF No. 21).

10  **II. Discussion**

11       Plaintiff contends that the complaint asserts claims under state law and that this

12  Court lacks subject matter jurisdiction. (ECF No. 18-1 at 1, 4).  Plaintiff contends that

13  the allegation that Defendant violated the FAR is not the "central allegation of

14  negligence" against Defendant.  *Id.* at 2.  Plaintiff contends that the Federal Aviation

15  Act ("FAA") does not create a federal cause of action for personal injury suits and does

16  not provide grounds for removal based on federal question jurisdiction.  *Id.* at 6.

17  Plaintiff contends that complete preemption does not provide a proper grounds for

18  removal in this case because "[c]omplete preemption giving rise to removal has been

19  found only in narrow areas . . . ."  *Id.* at 7.  Plaintiff contends that Congress has not

20  expressed any intent that federal aviation regulations completely preempt ordinary state

21  law personal injury claims.  *Id.*

22       Defendant contends that federal subject matter jurisdiction is satisfied because

23  Plaintiff's complaint raises a federal issue. (ECF No. 20 at 3).  Defendant contends that

24  Plaintiff's claim is "wholly dependent upon compliance with federal regulations."

25  (ECF No. 20 at 9).  Defendant contends that the reference to the FAR regulations in the

26  Complaint raises the issue of pilot qualifications, which are completely preempted by

27  federal law.  *Id.* at 4.  Defendant alleges that the Court may "assert subject matter

28  jurisdiction over other claims" through supplemental jurisdiction, "even if . . . the Court

1   lacks federal-question jurisdiction over any portion of the complaint." *Id.* at 10.

2   **A. Legal Standards**

3   "Under 28 U.S.C. § 1441, a defendant may remove an action filed in state court

4   to federal court if the federal court would have original subject matter jurisdiction over

5   the action." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir.

6   2009). Absent diversity of citizenship, a federal court has subject matter jurisdiction

7   "when a federal question is presented on the face of the plaintiff's properly pleaded

8   complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted);

9   *see also* 28 U.S.C. § 1331. The well-pleaded complaint rule "makes the plaintiff the

10  master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on

11  state law." *Caterpillar*, 482 U.S. at 392. Federal jurisdiction must exist at the time the

12  complaint is filed and at the time removal is effected. *Strotek Corp. v. Air Transp.*

13  *Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

14  A party can challenge removal based on lack of subject matter jurisdiction

15  through a motion to remand. 28 U.S.C. § 1447. There is a "strong presumption against

16  removal" such that the removing party "always has the burden of establishing that

17  removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The

18  removal statute is strictly construed, and any doubt about the right of removal requires

19  resolution in favor of remand." *Moore-Thomas*, 553 F.3d at 1244.

20  **B. Federal Question Jurisdiction**

21  "Federal courts may exercise federal-question jurisdiction over an action in two

22  situations. First and most commonly, a federal court may exercise federal-question

23  jurisdiction if a federal right or immunity is an element, and an essential one, of the

24  plaintiff's cause of action." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582

25  F.3d 1083, 1086 (9th Cir. 2009) (quotations omitted). "Second, a federal court may

26  have such jurisdiction if a state-law claim 'necessarily raise[s] a stated federal issue,

27  actually disputed and substantial, which a federal forum may entertain without

28  disturbing any congressionally-approved balance of federal and state judicial

responsibilities.'" *Id.* (quoting *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). "Such a federal issue must be 'a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum.'" *Id.* at 1086-87 (citation omitted). The "mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

In *Merrell Dow*, the Supreme Court considered "whether the incorporation of a federal standard in a state-law private action, when Congress has intended that there not be a federal private action for violations of that federal standard" confers federal jurisdiction. *Id.* at 805. The plaintiffs brought state common law tort claims against a drug manufacturer and distributor. The plaintiffs alleged that ingestion of a particular drug during pregnancy resulted in birth defects. The drug company petitioned for removal from state court to federal court based on the plaintiff's allegation in their complaint that the drug was "misbranded in violation of the Federal Food Drug and Cosmetic Act." *Id.* at 805-06. The Court held that federal jurisdiction was improper in part because no private, federal cause of action existed. *Id.* at 817. The Court stated that, "[g]iven the significance of the assumed congressional determination to preclude federal private remedies, the presence of the federal issue as an element of the state tort is not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system." *Id.* at 814.

In *Grable*, the Supreme Court resolved a circuit split that followed the *Merrell Dow* decision and held that the presence of a federal cause of action is not dispositive of federal-question jurisdiction. *Grable*, 545 U.S. at 318. The plaintiff in *Grable* brought a state quiet title action following the Internal Revenue Service's seizure of plaintiff's property due to a tax delinquency and subsequent sale of the property to its current owner. *Id.* at 310-11. The plaintiff alleged that the current owner's title was invalid "because the IRS had failed to notify [the plaintiff] of its seizure of the property in the exact manner required by [26 U.S.C. § 6335]." *Id.* at 311. The Court held that

1   removal was proper, despite the absence of a federal cause of action. The Court

2   determined that the meaning of the federal statute was an essential element of the quiet

3   title claim that was "actually in dispute," and "appear[ed] to be the only legal or factual

4   issue contested in the case." *Id.* at 315. The Court stated that "*Merrell Dow* should be

5   read in its entirety as treating the absence of a federal private right of action as

6   evidence relevant to, but not dispositive of [Congressional intent]." *Id.* The Court held

7   that a federal issue embedded in a state law claim confers federal jurisdiction when the

8   "state-law claim necessarily raise[s] a stated federal issue, actually disputed and

9   substantial, which a federal forum may entertain without disturbing any

10  congressionally approved balance of federal and state judicial responsibilities." *Id.* at

11  314.

12      In this case, Plaintiff does not have a private federal remedy, because Congress

13  did not include a federal cause of action for personal injury suits in the FAA. *See*

14  *Martin ex rel. Heckman v. Midwest Exp. Holdings, Inc.*, 555 F.3d 806, 808 (9th Cir.

15  2009) ("The FAA doesn't create a federal cause of action for personal injury suits.").

16  The lack of a federal cause of action under the FAA is evidence that Congress did not

17  intend to provide federal-question jurisdiction through the FAR and FAA. *Merrell*

18  *Dow*, 478 U.S. at 817 ("We conclude that a complaint alleging a violation of a federal

19  statute as an element of a state cause of action, when Congress has determined that

20  there should be no private, federal cause of action for the violation, does not state a

21  claim 'arising under the Constitution, laws, or treaties of the United States.'"). In this

22  case, allowing Defendant to remove Plaintiff's state law tort claim to this Court

23  because of a reference to the FAR would disturb the "congressionally approved balance

24  of federal and state responsibilities" that the Legislature indicated by declining to

25  provide a cause of action under the FAA. *Grable*, 545 U.S. at 318.

26      The Complaint alleges in part that Defendant "was not competent nor

27  sufficiently current or capable to fly the glider in accordance with Federal Aviation

28  regulations." (ECF No. 1-2 at 7). However, to confer federal-question jurisdiction

over state law tort claims, the claims must involve a substantial and contested federal issue "indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable*, 545 U.S. at 313. The "mere presence" of the FAR in Plaintiff's state law cause of action for negligence does not necessarily raise a substantial federal issue. *Merrell Dow*, 478 U.S. at 804. In this case, the FAR are not a central issue to the Defendant's alleged negligence. There is no indication of a disputed federal issue. In *Grable*, where removal was proper despite the fact that no federal cause of action existed, the meaning of a federal statute was both disputed and determinative of the case. In this case, the parties may dispute the applicability of the FAR, but neither Plaintiff nor Defendant contend that there is a dispute over the meaning of the FAR.[1]

The Court concludes that Plaintiff's claims do not involve a substantial federal issue and federal question jurisdiction does not provide grounds for removal. *See Brown v. City & Cty of Honolulu*, No. CV 14-00354 HG-KSC, 2015 WL 1564961, at *2-3 (D. Haw. Apr. 7, 2015).

## C. Preemption

### i. Complete Preemption

The jurisdictional doctrine of complete preemption may also provide grounds for removal of a claim to federal court. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Complete preemption is an exception to the well-pleaded complaint rule that exists where, "[t]he Supreme Court has concluded that the preemptive force of some statutes is so strong that they 'completely preempt' an area of state law." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir. 2000) (citing *Metro. Life Ins. Co.*, 481 U.S. at 65). When the complete preemption doctrine applies, "any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.* (citing *Franchise Tax Bd.*

---

[1] In fact, Plaintiff states that "[Defendant] is correct that federal law will likely supply the standard of care." (ECF No. 18-1 at 5).

1  *Of Cal v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 24
2  (1983)).  Complete preemption is a jurisdictional doctrine distinct from ordinary
3  preemption and is limited in application.  *Wayne v. DHL Worldwide Express*, 294 F.3d
4  1179, 1183-84 (9th Cir. 2002); *Retail Prop. Trust v. United Bhd. of Carpenters &*
5  *Joiners of Am.*, 768 F.3d 938, 947-48 (9th Cir. 2014) (stating that the Supreme Court
6  has only recognized three instances of complete preemption).  Complete preemption
7  is a "doctrine applicable to removal jurisdiction only" and "is not a doctrine of
8  defensive preemption." *Retail Prop. Trust*, 768 F.3d at 948.  "[C]omplete preemption
9  occurs only when Congress intends not merely to preempt a certain amount of state
10  law, but also intends to transfer jurisdiction of the subject matter from state to federal
11  court." *Wayne*, 294 F.3d at 1183.

12      In this case, Plaintiff's state law negligence claims are not subject to complete
13  preemption as a result of Plaintiff's reference to the FAR in the Complaint.  Courts
14  have concluded that Congress did not intend the FAA to preempt all state law claims.
15  *See Gilstrap*, 709 F.3d at 1004  ("[W]e have in several instances held that state-law
16  personal-injury claims are not displaced by the FAA.").  In *Martin ex rel. Heckman,* the
17  court held that Congress did not intend the FAA to "exclude all state law personal
18  injury suits from the area of air travel" and stated that "[t]he FAA doesn't create a
19  federal cause of action for personal injury suits." 555 F.3d at 808.  "[T]he complete
20  preemption doctrine applies only to 'claim[s] which come within the scope of [a
21  federal] cause of action.'" *Dennis v. Hart*, 724 F.3d 1249, 1254 (9th Cir. 2013)
22  (citation omitted); *see also Moore-Thomas*, 553 F.3d at 1245 ("Our holding is
23  buttressed by the Supreme Court's explanation that a federal statute must provide the
24  'exclusive cause of action' for complete preemption to apply . . . .").

25      The Court finds that the complete preemption doctrine is inapplicable and does
26  not provide grounds for removal. *See Webb v. Desert Bermuda Dev. Co., 518 F. App'x
27  521, 522 (9th Cir. 2013).

28                    **ii. Ordinary Preemption**

1        In contrast to the jurisdictional doctrine of complete preemption, ordinary

2    preemption operates as a federal defense. *Retail Prop. Trust,* 768 F.3d at 948*; see also*

3    *Balcorta*, 208 F.3d at 1107 n.7. Ordinary preemption exists in three forms: express,

4    field, and conflict.[2] *Retail Prop. Trust*, 768 F.3d at 948. Express preemption exists

5    where Congressional intent is explicitly stated in the statutory language. *Cipollone v.*

6    *Liggett Grp., Inc.,* 505 U.S. 504, 516 (1992). Conflict preemption occurs where state

7    law "actually conflicts with federal law." *Id.* State law is preempted through field

8    preemption "if federal law so thoroughly occupies a legislative field 'as to make a

9    reasonable inference that Congress left no room for the States to supplement it.'" *Id.*

10   (quoting *Fidelity Fed. Sav. & Loan Assn. v. De la Cuesta*, 458 U.S. 141, 153) (citations

11   omitted).

12       Complete preemption and ordinary preemption are two distinct doctrines that

13   occur in separate procedural contexts. *Retail Prop. Trust*, 768 F.3d at 948. Only

14   complete preemption is applicable to removal jurisdiction. *See id.* Complete

15   preemption can confer federal jurisdiction and provide grounds for removal; ordinary

16   preemption is insufficient to confer federal jurisdiction. *See id.*; *Moore-Thomas*, 553

17   F.3d at 1244; *Balcorta*, 208 F.3d at 1107 n.7. It is well-settled that a defendant cannot

18   establish federal subject matter jurisdiction by raising a defense such as preemption.

19   *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("Thus, a defense that relies on

20   . . . the pre-emptive effect of a federal statute . . . will not provide a basis for removal.")

21   (citations omitted); *Newberry v. Pac. Racing Ass'n*, 854 F.2d 1142, 1146 (9th Cir.

22   1988) ("Ordinarily, a case may not be removed on the basis of a federal defense,

23   including the defense of preemption, even if the defense is anticipated in the complaint

24   and both parties concede that it is the only question truly at issue.").

25       In this case, removal based on preemption is only proper if the FAA and FAR

26

27       [2] "It is true that the defense of field preemption and the doctrine of complete preemption both rest on the breadth, in some crude sense, of a federal statute's preemptive force. The two types of preemption, are, however, better considered

28   distinct." *Retail Prop. Trust*, 768 F.3d at 949 (quoting *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 273 n.7 (2d Cir. 2005)).

1  completely preempt Plaintiff's claims because ordinary preemption cannot provide

2  grounds for removal.  Defendant contends that two Ninth Circuit decisions, *Ventress*

3  *v. Japan Airlines,* 747 F.3d 716 (9th Cir. 2014), and *Montalvo v. Spirit Airlines*, 508

4  F.3d 464 (9th Cir. 2007), hold that the FAA preempts all state law claims in the field

5  of aviation safety regarding pilot qualifications. (ECF No. 20 at 7-8).  However, these

6  cases both address the defensive preemptive effect of the FAA and FAR; neither case

7  addresses complete preemption as grounds for removal jurisdiction.  The defendants

8  in *Montalvo* and *Ventress* did not rely on complete preemption to establish federal

9  subject matter jurisdiction and remove their actions to federal court. *See Montalvo*, 508

10  F.3d at 469-70; *Ventress*, 747 F.3d at 720.  In *Montalvo*, the parties were properly

11  removed to federal court based on diversity jurisdiction and preemption was raised in

12  a motion to dismiss.  508 F.3d at 469-470.  In *Ventress,* the plaintiffs initially brought

13  suit in federal court and the defendants raised preemption as a defense in a motion for

14  judgment on the pleadings and later motion for reconsideration. *Ventress*, 747 F.3d at

15  720; *Ventress v. Japan Airlines*, 486 F.3d 1111 (9th Cir. 2007).  While the court in both

16  *Montalvo* and *Ventress* held that the FAA does have a preemptive effect in certain areas

17  due to pervasive regulations, this analysis occurred in the context of field preemption,

18  which cannot establish subject matter jurisdiction.  *Ventress*, 474 F.3d at 720-23;

19  *Montalvo*, 508 F.3d at 470.  Ordinary preemption cannot confer federal subject matter

20  jurisdiction and provide grounds for removal.

21  **III. Conclusion**

22       IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (ECF No. 18) is

23  GRANTED.  Pursuant to 28 U.S.C. § 1447(c), this action is remanded to San Diego

24  Country Superior Court, where it was originally filed and assigned case number 37-

25  2015-00031000-CU-PO-NC.

26  DATED:  10/5/16

27                                                    **WILLIAM Q. HAYES**

28                                                    United States District Judge